Jeremy W. Faith (State Bar No. 190647)
*Jeremy@MarguliesFaithLaw.com*
Monsi Morales (State Bar No. 235520)
*Monsi@MarguliesFaithLaw.com*
MARGULIES FAITH LLP
16030 Ventura Blvd., Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

Proposed Counsel for Flexogenix Georgia, PC,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>FLEXOGENIX GEORGIA, PC,<br><br>Debtor. | Bk. Case No.:  2:19-bk-12930-BR<br><br>Chapter 11<br><br>**MOTION FOR JOINT ADMINISTRATION OF DEBTORS' ESTATES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DR. SEAN P. WHALEN IN SUPPORT**<br><br>[No hearing required pursuant to LBR 1015-1(b)] |

Flexogenix Georgia, PC ("FGPC" or the "Debtor"), as debtor and debtor in possession in the above-captioned case, hereby moves on an ex parte basis pursuant to Local Bankruptcy Rule 1015-1(b) for an order authorizing the joint administration of the above-captioned chapter 11 case and the related chapter 11 cases of Flexogenix Group, Inc. ("FGI"), Whalen Medical Corporation ("WMC"), Flexogenix North Carolina, PC ("FNCPC"), Flexogenix Oklahoma, PC ("FOPC," and together with FGPC, FGI, WMC, and FNCPC , the "Debtors"), Case Nos. 2:19-12927-BR, 2:19-12928-BR, 2:19-12929-BR, 2:19-12931-BR, respectively, pending before this Court (the "Motion").  The Motion is based upon the following Memorandum of Points and Authorities, the attached declaration of Dr. Sean P. Whalen, and any other evidence that may be presented in support of the Motion.

In support of the Motion, FGPC submits the following:

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157. This matter concerns the administration of this bankruptcy estate and is, accordingly, a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Bankruptcy Rule 1015-1(b).

## II.

## FACTS

On March 18, 2019 (the "Petition Date"), the Debtors each filed a voluntary chapter 11 petition in the Bankruptcy Court for the Central District of California commencing the above-referenced cases (the "Cases").

FGPC is a Georgia professional corporation that was founded in or about January 2017. FGPC is operated primarily by Dr. Sean P. Whalen, the Chief Executive Officer ("Dr. Whalen"). FGPC owns and operates a nonsurgical orthopedic joint care clinic in Atlanta, Georgia. FGI provides management services for FGPC. FGI also provides management services to WMC, FNCPC and FOPC, which own and operate joint care clinics in California, North Carolina and Oklahoma similar to FGPC.

As affiliated entities operating medical clinics under the "Flexogenix" name, the Debtors share many of the same creditors, agreements, disputes and business relations. For example, FGPC is a co-obligor with one or more of the other Debtors under several loan agreements. Further, as security for certain business loans, one or more of the Debtors executed an agreement pledging its assets, including accounts receivable, as collateral. It is anticipated that numerous issues arising under the various agreements between the lenders and the Debtors will be contested and, ultimately, resolved during the course of these Cases.

## III.

## **RELIEF REQUESTED**

By this Motion, and the similar, concurrently-filed motion in the cases of FGI, WMC, FNCPC and FOPC, the Debtors request that the Court authorize the joint administration of the Cases, thereby relieving the Court, the Debtors' estates and parties in interest of the undue burden and expense attendant with the separate administration of the Cases.

## IV.

## **THE DEBTORS' CHAPTER 11 CASES SHOULD BE**

## **JOINTLY ADMINISTERED UNDER FRBP 1015(b)**

FRBP 1015(b) empowers this Court to order the joint administration of two or more cases under the Bankruptcy Code under specified circumstances. In pertinent part, FRBP 1015(b)(4) provides:

> If . . . two or more petitions are pending in the same court by or against . . .a debtor and an affiliate, the court may order a joint administration of the estates.

Further, Local Bankruptcy Rule 1015-1(b) provides that:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without further notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or]
> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .

Dr. Whalen owns 100% of the equity interests of FGPC, WMC, FNCPC and FOPC. Dr.

Whalen and spouse Iris Whalen (collectively, the "Whalens") collectively own 97.5% of FGI. As such, the Debtors are affiliates as that term is defined in the Bankruptcy Code. Accordingly, Rule 1015(b)(4) authorizes the joint administration of the Debtors' chapter 11 Cases.

The Court should order the joint administration of the Cases, as authorized by FRBP 1015(b)(4), because it will ease the burden on the Court, the Debtors and the creditors, without prejudicing any party in interest.  As set forth above, the Whalens are the majority owners and officers of the Debtors, and FGI provides management services to the other four Debtors.  As a result of these relationships, the Debtors share many common creditors, making it likely that issues will arise requiring a ruling that will impact all of the Debtors. Under these circumstances, joint administration will simplify and substantially reduce the costs of administering the chapter 11 Cases by, among other things, obviating the need for duplication of service of notices, applications and orders.  If the Debtors' Cases are not jointly administered, thereby allowing pleadings and other papers filed in their Cases to be maintained on a single common docket, the Debtors frequently will have to prepare and send multiple versions of the same notices and pleadings to their common creditors, which will impose unnecessary administrative burdens and expenses on the Debtors and their estates.

In addition, if the Cases are not jointly administered, the burden would not be borne only by the estates, but also by the Debtors' creditors and other parties in interest.  The Debtors have many common creditors and disputes to be resolved in these Cases.  Absent joint administration, those creditors and interested parties would receive multiple versions of the same notices and pleadings, and would have to sort through and keep track of each document to ensure that any differences between seemingly identical documents, if any, could be distinguished, and to be sure that they were receiving notice of all relevant matters. In addition, even creditors who believe that they hold a claim against only one of the Debtors in one case might want to keep track of developments in the other case to protect their interests.  This would be difficult, however, if the Debtors and other parties filed separate papers in the five Cases and the creditors had to monitor the events and pleadings on the

docket for each case.

The rights of the Debtors' respective creditors and other interested parties will not be adversely affected by joint administration of these Cases. Each creditor may still file its claim against the particular estate that allegedly owes it money. The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain separate books and records to reflect all personal and third-party transactions during the pendency of their chapter 11 Cases. The Debtors do not propose at this point to take any action that would constitute substantive consolidation of their estates, but are merely seeking authorization for procedural measures that will simplify and facilitate the efficient administration of their chapter 11 Cases.

By reason of the foregoing, joint administration of the Debtors' chapter 11 Cases is in the best interests of all interested parties.

## V.

## **PROPOSED PROCEDURE FOR JOINT ADMINISTRATION**

In order to effectuate joint administration in the Debtors' Cases, the Debtors propose that the Bankruptcy Court enter an order providing, among other things, the following:

a. *Pleadings and Other Papers Filed with the Court.* Except for proofs of claim, the Bankruptcy Court Clerk should maintain the same docket or dockets for all pleadings and other papers filed in the Debtors' Cases. The docket(s) shall be maintained under the FGI caption and case number. Parties in interest shall be directed to use the caption provided on the proposed form of order attached hereto as Exhibit A. Each pleading or paper filed, however, shall indicate which of the Debtors is affected by or is a party to the subject filing.

b. *Proofs of Claim.* Proofs of claim shall be filed in the individual case for the Debtor against whom the claim is asserted. Each proof of claim shall have the caption of the case in which it is filed.

c.  *U.S. Trustee Reporting.*  Reports and statements filed with the Office of the United States Trustee shall be filed separately for each of the Debtors, unless the U.S. Trustee agrees to some other requirement.

d.  *Schedules and Statements.*  Each of the Debtors shall file its own Schedules of Assets and Liabilities and Statement of Financial Affairs.

e.  *Notice to Creditors.*  Upon entry of an order approving joint administration, the Debtors shall transmit to creditors of each estate a notice substantially in the form that is attached hereto as Exhibit B.

f.  *No substantive consolidation.*  Nothing herein shall constitute a finding or order that the Debtors' estates shall be or should be substantively consolidated.

## VI.

## CONCLUSION

**WHEREFORE**, FGPC respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A: (i) directing the joint administration of the Debtors' separate chapter 11 Cases, and (ii) granting FGPC such other and further relief as is just.

Dated: March 19, 2019           MARGULIES FAITH LLP

By:   /s/ Monsi Morales
        Monsi Morales
        Jeremy W. Faith

Proposed Counsel for Debtor Flexogenix Georgia, PC

## DECLARATION OF DR. SEAN P. WHALEN

I, Dr. Sean P. Whalen, declare as follows:

1.  I am an individual residing in the State of California and am the Chief Executive Officer and owner of Flexogenix Georgia, PC ("FGPC"), the debtor and debtor-in-possession in the above-captioned case. I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify as to such facts, I could and would so state.

2.  I make this Declaration in support of the Motion for Joint Administration of Debtors' Estates (the "Motion"). Capitalized words used herein and not defined shall have the meanings stated in the Motion.

3.  On March 18, 2019 (the "Petition Date"), FGPC filed a voluntary chapter 11 petition in the Bankruptcy Court for the Central District of California. On that same date, Flexogenix Group, Inc. ("FGI"), Whalen Medical Corporation ("WMC"), Flexogenix North Carolina, PC ("FNCPC") and Flexogenix Oklahoma, PC ("FOPC") each also filed a voluntary chapter 11 petition in the Bankruptcy Court.

4.  FGPC is a Georgia professional corporation that was founded in or about January 2017. FGPC is operated primarily by myself, as the Chief Executive Officer. I am the sole shareholder for FGPC.

5.  FGPC owns and operates a nonsurgical orthopedic joint care clinic in Atlanta, Georgia.

6.  FGI provides management services for FGPC. FGI also provides management services to WMC, FNCPC and FOPC, which own and operate joint care clinics in California, North Carolina and Oklahoma similar to FGPC.

7.  As affiliated entities operating medical clinics under the "Flexogenix" name, the Debtors share many of the same creditors, agreements, disputes and business relations. For example, FGPC is a co-obligor with one or more of the other Debtors under several loan agreements. Further, as security for certain business loans, one or more of the Debtors executed an agreement pledging its assets, including accounts receivable, as collateral.

8. We believe that numerous issues exist with respect to the various agreements between the lenders and the Debtors that will be contested and, ultimately, resolved during the course of these Cases.

9. I believe that the joint administration of the Cases is warranted because the Debtors are affiliates and the Debtors have many common creditors and disputes that will need to be resolved during these bankruptcy Cases. Joint administration of the Cases will ease the administrative burden for the Court and the parties because it will allow the parties to monitor and file papers in one docket rather than two and avoid the unnecessary costs that would arise from the duplication of many matters. Finally, because the common creditor claims and disputes are the same among the Debtors, joint administration will protect creditors of the different estates against potential conflicts of interest by allowing the disputes to be litigated with the Debtors at the same time and within one case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of March, 2019 at Los Angeles, California.

_____
DR. SEAN P. WHALEN

# Exhibit A

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy W. Faith (State Bar No. 190647) *Jeremy@MarguliesFaithLaw.com* Monsi Morales (State Bar No. 235520) *Monsi@MarguliesFaithLaw.com* MARGULIES FAITH LLP 16030 Ventura Blvd., Suite 470 Encino, CA  91436 Telephone: (818) 705-2777 Facsimile:  (818) 705-3777 ☐ *Individual appearing without attorney* ☒ *Attorney for: Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re: FLEXOGENIX GROUP, INC., Debtor. In re: WHALEN MEDICAL CORPORATION, Debtor. In re: FLEXOGENIX NORTH CAROLINA, PC, Debtor. In re: FLEXOGENIX GEORGIA, PC, Debtor. In re: FLEXOGENIX OKLAHOMA, PC, Debtor. | LEAD CASE NO.: 2:19-bk-12927-BR CHAPTER: 11 JOINTLY ADMINISTERED WITH: CASE NO.: 2:19-bk-12928-BR CASE NO.:  2:19-bk-12929-BR CASE NO.: 2:19-bk-12930-BR CASE NO.:  2:19-bk-12931-BR |
| ☐ Affects All Debtors ☐ Affects Flexogenix Group, Inc. only ☐ Affects Whalen Medical Corporation only ☐ Affects Flexogenix North Carolina, PC only ☒ Affects Flexogenix Georgia, PC only ☐ Affects Flexogenix Oklahoma, PC only Debtor(s) | **ORDER ☒ GRANTING ☐ DENYING MOTION TO APPROVE JOINT ADMINISTRATION OF CASES** **[LBR 1015-1, 9013-1(q)]** [No Hearing Required] |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*         Page 1         **F 1015-1.1.ORDER.JOINT.ADMINISTRATION**

On (*date*) <u>March 14, 2019</u>, a motion was filed requesting approval of joint administration of cases identified in the caption above, with the lead case being In re Flexogenix Group, Inc., case number 2:19-bk-12927-BR (the "Lead Case").

Having reviewed the motion, IT IS ORDERED THAT:

1. The motion is: ☒ Granted   ☐ Denied

2. Promptly upon entry of an order granting a motion to approve joint administration:

   a) Using the mandatory court form, the movant must file a Notice of Joint Administration of Cases and Requirements for Filing Documents (the "Notice").

   b) To facilitate service of the Notice by NEF to registered CM/ECF users, the Notice must be filed in each case being jointly administered.

   c) The Notice must be served via United States mail on all creditors and interest holders in each case being jointly administered.

   d) To facilitate notice of documents sent by the court via the Bankruptcy Noticing Center, the movant must file in the lead case an amended master mailing list that contains the name and mailing address of all creditors and interest holders from each case being jointly administered.

3. The Debtors' estates shall be jointly administered as follows:

   a) *Pleadings and Other Papers Filed with the Court.* Except for proofs of claim, the Court Clerk shall maintain the same docket or dockets for all pleadings and other papers filed in the Debtors' cases. The docket(s) shall be maintained under the caption and case number for the Lead Case. Parties in interest are hereby directed to use the caption in the form set forth on the Notice. Each pleading or paper filed shall indicate which of the Debtors is affected by or is a party to the subject filing.

   b) *Proofs of Claim.* Proofs of claim shall be filed in the individual case for the Debtor against whom the claim is asserted. Each proof of claim shall have the caption of the case in which it is filed.

   c) *U.S. Trustee Reporting.* Reports and statements filed with the Office of the United States Trustee shall be filed separately for each of the Debtors, unless the United States Trustee agrees to some other requirement.

   d) *Schedules and Statements.* Each of the Debtors shall file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

4. Nothing herein shall constitute a finding or order that the Debtors' estates shall be or should be substantively consolidated.

###

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*  Page 2  **F 1015-1.1.ORDER.JOINT.ADMINISTRATION**

# Exhibit B

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy W. Faith (State Bar No. 190647)<br>*Jeremy@MarguliesFaithLaw.com*<br>Monsi Morales (State Bar No. 235520)<br>*Monsi@MarguliesFaithLaw.com*<br>MARGULIES FAITH LLP<br>16030 Ventura Blvd., Suite 470<br>Encino, CA  91436<br>Telephone: (818) 705-2777<br>Facsimile:  (818) 705-3777<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br><br>FLEXOGENIX GROUP, INC.,<br>Debtor. | LEAD CASE NO.: 2:19-bk-12927-BR<br>CHAPTER: 11<br>JOINTLY ADMINISTERED WITH:<br>CASE NO.: 2:19-bk-12928-BR<br>CASE NO.:  2:19-bk-12929-BR<br>CASE NO.: 2:19-bk-12930-BR<br>CASE NO.:  2:19-bk-12931-BR |
|---|---|
| In re:<br><br>WHALEN MEDICAL CORPORATION,<br>Debtor. | |
| In re:<br><br>FLEXOGENIX NORTH CAROLINA, PC,<br>Debtor. | |
| In re:<br><br>FLEXOGENIX GEORGIA, PC,<br>Debtor. | |
| In re:<br><br>FLEXOGENIX OKLAHOMA, PC,<br>Debtor. | |
| ☒ Affects All Debtors<br><br>☐ Affects Flexogenix Group, Inc. only<br><br>☐ Affects Whalen Medical Corporation only<br><br>☐ Affects Flexogenix North Carolina, PC only<br><br>☐ Affects Flexogenix Georgia, PC only<br><br>☐ Affects Flexogenix Oklahoma, PC only<br>Debtor(s) | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>[No Hearing Required] |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*  Page 1  **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

TO: THE U.S. TRUSTEE AN DALL PARTIES IN THESE JOINTLY ADMINISTERED CASES: An order was entered on (date) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. Required Caption on Documents – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. Debtors Affected by a Filed Document – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

3. Filing Documents on Main Case Docket – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. Filing Proof of Claims on Docket of Individual Case – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. Parties to File a Request to be Added to Courtesy NEF – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. Other:

Date: _____                           By:_____
                                                                    Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

December 2014                                    Page 2                    F 1015-1.1.NOTICE.JOINT.ADMINISTRATION
                                                Exhibit B                                                    Page 12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **MOTION FOR JOINT ADMINISTRATION OF DEBTORS' ESTATES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DR. SEAN P. WHALEN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 19, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEY FOR DEBTOR: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Victoria@MarguliesFaithlaw.com
**ATTORNEY FOR U.S. TRUSTEE: Ron Maroko**    ron.maroko@usdoj.gov
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On March 19, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge: Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple St., Ste. 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 19, 2019 | Helen Cardoza | /s/ Helen Cardoza |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**